I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ PLF w/B4L
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-16-12

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 1 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CALVIN COOLIDGE JOHNSON, III,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. NIXON, JR., et al.,<br><br>　　　　Defendants. | Case No. CV 12-1854-ODW (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT AS TO DEFENDANTS BARCLAY AND HANSON WITH LEAVE TO AMEND |

## I. Procedural Background

Calvin Coolidge Johnson, III, is a prisoner at the California Men's Colony Prison ("CMC") in San Luis Obispo, California. He filed this pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, on March 12, 2012. The defendants, all of whom are corrections officers at CMC are E. Nixon, Jr.; Yee; Simpson; Barclay; and J. Hansen.

Plaintiff alleges that on either September 8, 2011 and/or November 24, 2011, he was assaulted by Officers Nixon, Yee and Simpson. More specifically, he claims that he was kneed, choked, kicked and punched by these three officers. After the incident, Simpson falsely claimed that Plaintiff had initiated the incident. Later, when a sergeant arrived to investigate, Plaintiff was ordered to "shut up" in the presence of Defendant Hansen. Defendant Barclay

is not mentioned in the body of the complaint.

The complaint states a cause of action as to Nixon, Yee, and Simpson. However, because the complaint fails to state a viable claim against Defendants Barclay or Hansen, the complaint will be dismissed with leave to amend as to these two defendants. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

## II. Discussion and Analysis

### A. Duty to Screen

The Court has screened the complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff.

*Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

As will be discussed below, the complaint is deficient in that it fails to state a claim against defendants Barclay and Hansen.

**B. Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Barclay and Hansen**

To the extent that Plaintiff is alleging that Hansen and Barclay are liable due to their supervisory role over prison staff, he has failed to state a claim upon which relief may be granted. Supervisory officials or agencies are generally not responsible for the conduct of their subordinates on a theory of vicarious liability in civil rights actions brought under 42 U.S.C. § 1983. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers*, 267 F.3d at 915; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

//

Here, Plaintiff has failed to allege any facts giving rise to liability against Barclay. And it is only alleged that Hansen was present when a sergeant directed Plaintiff to shut up. He has failed to show that any conduct by these two defendants contributed to his injury in this case. Absent a showing of some causal connection between these defendants and the injury, there is no basis upon which the defendants can be found liable under § 1983. Accordingly, the action must be dismissed against Barclay and Hansen.

### D. IT IS THEREFORE ORDERED as follows:

1. The complaint is dismissed without prejudice and with leave to amend for the reasons stated above against Officers Barclay and Hansen.

2. Plaintiff has until **April 13, 2012**, to file a first amended complaint, that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[1] Any amended complaint must bear the docket number assigned in this case and must be labeled first amended complaint." Plaintiff is advised that an amended complaint is a document stating one or more causes of action against one or more defendants. Local Rule 15-2. Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims against all defendants, including Barclay and Hansen, the specific defendant to whom the facts apply; and the nature of the relief he seeks. The first amended complaint must be plainly written and legible.

---

[1] "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

3. If Plaintiff fails to timely file the amended complaint, or if the amended complaint fails to properly plead a cause of action against Barclay and Hansen, the complaint will deemed abandoned as to Barclay and Hansen and will be ordered served upon only Nixon, Yee and Simpson.

4. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action against Barclay and Hansen, he must use this form to the extent possible.

Dated: March 15, 2012

_____
Marc L. Goldman
United States Magistrate Judge