

FILED

JAN - 2 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CALVIN COOLIDGE JOHNSON, | Case No. CV 12-1854-ODW (MLG) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE |
| v. | |
| E. NIXON, et al., | |
| Defendant. | |

On March 12, 2012, Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming five California corrections officers as defendants. The complaint was dismissed as to two of those officers, and allowed to proceed as to the remaining three. The complaint alleged that the three officers used unreasonable force against Plaintiff on November 24, 2011, while restraining him during an incident at the California Men's Colony in San Luis Obispo, California.

On October 1, 2012, Defendants filed a motion to dismiss the complaint. On October 4, 2012, an order was issued directing Plaintiff to file an opposition to the motion on or before October 30, 2012. Plaintiff did not file an opposition in the time allowed.

1   On November 21, 2012, Magistrate Judge Marc L. Goldman issued
2  an order directing Plaintiff to show cause, on or before December 14,
3  2012, why the action should not be dismissed for failure to comply
4  with the Court's order and for failure to prosecute. Plaintiff was
5  informed that failure to respond to the order would result in
6  immediate dismissal of the action without further notice. Plaintiff
7  again did not respond to the order.

8   This action will be dismissed without prejudice. Courts possess
9  the discretionary authority to dismiss an action based on a
10  plaintiff's failure to diligently prosecute or comply with a court
11  order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R.*
12  *Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and
13  is to be imposed only in extreme circumstances." *Henderson v.*
14  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required
15  to weigh the following factors in determining whether to dismiss a
16  case for lack of prosecution: "(1) the public's interest in
17  expeditious resolution of litigation; (2) the court's need to manage
18  its docket; (3) the risk of prejudice to the defendants; (4) the
19  public policy favoring disposition of cases on their merits; and (5)
20  the availability of less drastic sanctions." *Omstead v. Dell, Inc*,
21  594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451
22  (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

23   In weighing these factors, the court concludes that dismissal
24  is appropriate in this case. The case has been pending for more than
25  eight months. Plaintiff has twice been given notice that his failure
26  to respond to or follow court orders would result in dismissal of
27  this action. The interest of the public and the court in bringing
28  cases to resolution weighs in favor of dismissal. Finally, there are

2

1  no other sanctions available when a party has failed to prosecute or

2  participate in the litigation of a case he has commenced.

3       Accordingly, it is ORDERED that this action be dismissed without

4  prejudice for failure to prosecute.

5

6  Dated: January 2, 2013

7

8

9  _____

10                        Otis D. Wright, II
                          United States District Judge

11

12  Presented By:

13

14

15  _____
    Marc L. Goldman
16  United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

                               3